UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLON MIGUEL BROWN,

Plaintiff,

v. Case No. 2:26-CV-2180-KCD-NPM

CAPE CORAL POLICE
SECURUS TECHNOLOGIES, et al.,

Defendants.
_______________________________/

# ORDER

Plaintiff Marlon Miguel Brown, a prisoner of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint alleging that the defendants have illegally confiscated his electronic tablet. (Doc. 1.) Brown seeks leave to proceed in forma pauperis (Doc. 2), and the complaint is before the Court for initial screening. For the following reasons, the case is dismissed without leave to amend.

## I. Complaint

Brown alleges the following relevant facts, which the Court accepts as true at this stage: While held at Everglades Correctional Institution, Brown purchased a JP5 tablet. (Doc. 1 at 4, ¶ 4.) In November of 2020, he was notified that he must sign up to receive a free JP6 tablet and that his JP5 would be confiscated and deemed contraband. (*Id.* ¶¶ 6–7.) Thereafter, Brown was

provided a JP6 tablet and advised (after his JP5 tablet was confiscated) that the JP5 tablet was not contraband after all. (*Id.* ¶ 9.) Brown was not compensated for the JP5 tablet or for any of the tablet's purchased content. (*Id.* ¶ 12.) During the interim between the confiscation of his JP5 tablet and the provision of the JP6 tablet, Brown could not purchase stamps. (*Id.* ¶ 13.)

On September 23, 2024, Brown's JP6 tablet was confiscated by Officers Grant and Kilgo because a display appeared on the front screen that said, "Return to Securus." (Doc. 1 at 5, ¶ 15.) Brown filed a grievance. (*Id.* ¶ 17.) Defendant Gutierrez responded to the grievance as follows:

> Inmate Brown, Marlon DC#K73936, Securus has suspended your tablet services due to the fact you had violated the terms and conditions of the tablet agreement. A jailbroken tablet was found in the law library with your information on it with a USB plugged into a charging port to a computer. Your unique tablet pin unlocked the compromised tablet. Based on the above information your grievance is DENIED.

(*Id.* ¶ 18.) Brown told Officer Gutierrez that he never had a jail broken tablet, but that he had reported a stolen tablet. (*Id.* ¶ 23.) Brown does not believe that Officer Gutierrez found a jail broken tablet with Brown's information on it because he (Brown) has not seen it or received a disciplinary report on the matter. (*Id.* ¶¶ 24, 25.) Brown believes that Gutierrez has a custom of confiscating tablets "under false pretenses for monetary gain." (*Id.* ¶¶ 26, 27.) Brown asked to have his tablet privileges reinstated, but was told that he must

pay $140 for a new tablet. (*Id.* at 6–7, ¶¶ 28, 29.) Brown was advised by Defendant Lopez that he must use the kiosk for communication if he does not purchase another tablet. (*Id.* ¶ 32.) Brown asserts that he "cannot purchase stamps to communicate with his family or access any of the content he purchased via the kiosk." (*Id.*)

Brown asserts that Defendants violated his due process rights for well over a year by taking his tablets. (Doc. 1 at 7, ¶ 40.) He seeks injunctive relief as well as compensatory and punitive damages. (*Id.* at 8.)

## II. Discussion

### A. Brown's complaint does not state a claim on which relief may be granted.

Brown alleges that his JP5 tablet was unfairly confiscated as contraband and his JP6 tablet was taken because several officers incorrectly believed that he had misused it. He grieved the issues but got no relief, and he now complains about having to pay a fee to receive a replacement tablet.

Brown's allegations boil down to a claim that Defendants improperly deprived him of his tablets. However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Florida offers such a remedy; it has waived its sovereign immunity in tort actions for the negligent or wrongful acts of

employees causing injury or loss of property. Fla. Stat. § 768.28(1); *see also* *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (concluding that Florida provided an adequate postdeprivation remedy because individuals can sue state officials for the conversion of their personal property). Brown, therefore, has failed to state a Fourteenth Amendment claim based on the seizure of his tablet, and his complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, when a more carefully drafted complaint might state a claim, the Court provides a pro se plaintiff a chance to amend the complaint before dismissing it. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). However, the Court need not provide a chance to amend when doing so would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Here, Brown would be barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis on an amended complaint. Thus, even though the dismissal is without prejudice, the Court will not grant leave to amend.

**B. Brown is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis.**

Under 28 U.S.C. § 1915(g), a prisoner cannot proceed in forma pauperis if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). And "[a] dismissal of a suit for

failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

The Court takes judicial notice that Brown, while incarcerated, has had at least five qualifying dismissals: (1) *Brown v. Corizon Health Care, et al.*, No. 4:15-cv-305-WS-CAS (N.D. Fla. Oct. 21, 2016) (failure to state a claim on which relief may be granted); (2) *Brown v. Greer, et al.*, No. 9:20-cv-82179-KAM (S.D. Fla. Dec. 23, 2020) (failure to state a claim on which relief may be granted); (3) *Brown v. Zabala*, No. 2:24-cv-156-JLB-NPM (M.D. Fla. Mar. 11, 2024) (frivolous—barred by the doctrine of collateral estoppel); (4) *Brown v. Greer*, et al., No. 21-10694 (11th Cir. Nov. 2, 2021) (failure to state a claim); (5) *Brown v. Zabala*, No. 24-111443 (11th Cir. May 14, 2025) (dismissing as barred by collateral estoppel).[1]

Because Brown has had three or more prior qualifying dismissals and

[1] The appellate court's summary affirmance of a district court dismissal may not count as a separate strike. *See Wells v. Brown*, 58 F.4th 1347, 1359 (11th Cir. 2023) ("[T]he dismissing court must give some express statement to the effect that it dismissed the case because it was malicious or because it failed to state a claim."). Here, however, the Eleventh Circuit did not simply affirm. Rather, it expressly dismissed both appeals for failure to state a claim and as frivolous. A court may count as separate strikes dismissals of both the district court case and the appeal in the same case if dismissal was based on a qualifying reason under § 1915(g), which these were. *See Coleman v. Tollefson*, 575 U.S. 532, 537, 538 (2015) ("We have found nothing in these provisions indicating that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity[.]".); *Chavis v. Chappius*, 618 F.3d 162, 167–68 (2d Cir. 2010) (recognizing that "every circuit court to address [whether a plaintiff occurs one strike or two when both the complaint and the appeal are dismissed on an enumerated § 1915(g) ground] has held that sequential dismissals count as two strikes").

his allegations do not warrant the imminent danger exception to dismissal, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed as a pauper must pay the full filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being *denied in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

## III. Conclusion

Brown's complaint is dismissed without prejudice because it does not state a claim upon which relief may be granted. Alternatively, the Court dismisses this action without prejudice under 28 U.S.C. § 1915(g).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida, on September 23, 2026.

Kyle C. Dudek
United States District Judge